John D. Bennett, S.
A preliminary question has been submitted for decision in this accounting proceeding as to whether it is necessary to bring in additional parties.
The administratrix, in addition to other special relief, requests an order apportioning estate taxes against funds held by two insurance companies under certain insurance settlement options exercised by the decedent in his lifetime. The petition alleges that there are no persons other than those named who are interested in this proceeding, and that all are of full age and *639 sound mind. The answer of the respondent, Prudential, denies any knowledge or information as to the status of some of the parties and affirmatively alleges, in effect, that other persons, some named and others unknown, should be joined as “ necessary and essential parties ” before a complete determination can be made by the court which would afford the respondent company complete protection against any possible future claims to the proceeds held by Prudential.
For the purpose of this interim determination, the court assumes that the allegations of the petition are true insofar as the status of the named parties is concerned. The exhibits attached to the answer indicate that, at least until the happening of possible contingencies, payments under the policies or claim settlement certificates will presumptively be due to those persons now named as parties.
Unless the court has overlooked some obscure language therein, its examination of the answer and the documents annexed thereto would seem to indicate that the parties, Hilda Beim, her living children, and the now living children of Ruth Beim (Kreiger), deceased, are at this time presumptively entitled to the same interests in the principal and income that may pass under certain contingencies in the future to other possible recipients who have not been made parties. Some of these contingent beneficiaries are described in the exhibits attached to the answer as members of a class and others are designated by name: Jacob Beim, Martin Beim, Irving Beim, Nathan Beim and Minnie Fried.
The only determination to be made in this proceeding which might affect the future interests afore-mentioned is regarding the amount of estate taxes to be apportioned and charged against the funds held by the insurance companies. Those funds are now constructively within the court’s possession and certainly within its jurisdiction. There appears to be no other issue in which the contingent beneficiaries would be interested, and the court holds that its jurisdiction is complete within the purview of SOPA 315 inasmuch as the beneficial interests here involved were created by contracts of the decedent during his lifetime and there can be no question concerning the authority and duty of this court to apply the rules set forth in EPTL 2-1.8 (formerly Decedent Estate Law, § 124). The future interests to that extent are deemed ‘ ‘ in the estate ’ ’ to which this proceeding relates as required by SOPA 315 (subd. 1). The allegations of the petition, unless contradicted or incapable of proof, would indicate that all present and future contingent interests fall within the meaning of subdivisions 2, 3 and 4 of SOPA 315.
*640 According to the clauses under subdivision 2 (par. [a]), it is not necessary to serve process on any other persons since there are now before the court ‘ ‘ persons in being who would constitute the class if such event had happened immediately before the commencement of the proceeding” (cl. [i]); the same interests have been ‘ ‘ further limited * * * to a class of persons described in terms of their relationship to ” parties to the proceeding (cl. [ii]); and, as to “unborn or unascertained persons ” since it appears that there are “ certain or presumptive remaindermen in being or ascertained” (cl. [iii]).
Likewise, under subdivision 3 of the same section 315, some interests in question have been limited to persons who are now parties “ and the same interest has been further limited upon the happening of a future event ’ ’ to other persons whom ‘ ‘ it shall not [therefore] be necessary to serve ”.
The conclusion of the court is that no additional persons need be served or made parties to this proceeding and that under subdivision 4 of SOPA 315 the decree or order on this issue will clearly be ‘ ‘ binding and conclusive on any person upon whom service of process is not required ”, especially since the court deems that the representation of other persons’ interests by the present parties now before it is and will be adequate (subd. 5). (See the learned Practice Commentary on SOPA 315 by Prof. David D. Siegel, published in McKinney’s Cons. Laws of N. Y., Book 58A.)
In the unlikely event of controversy later over the recasting of the beneficiaries’ interests, the court will retain jurisdiction (as it did in Matter of Shea, 63 Misc 2d 741, 743), to entertain any further application at the foot of the decree by any person or party deeming himself aggrieved (EPTL 2-1.8, subd. [h]). The decree shall so provide.
No order need be made upon this decision unless one is desired, in which case it should be settled on five days’ notice with three additional days if service is made by mail.